**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MICHAEL RUFFIN,**

       **Petitioner,**

**vs.**                        **Case No. 4:09cv360-RH/WCS**

**WALTER A. McNEIL,**

       **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Ruffin, proceeding pro se, filed a handwritten document titled "Petition for Writ of Habeas Corpus" and a form 28 U.S.C. § 2254 petition. Docs. 1 and 3. The form petition was delivered to prison officials for mailing the same date as the handwritten document (August 25, 2009), but received by the clerk a few days later and filed as an amended petition. This form petition bears the receipt stamp (which was crossed through) of the Florida First District Court of Appeal, and that court presumably forwarded the document to this court. Doc. 3, p. 1. The first petition references the Florida Constitution and Florida Rules of Appellate Procedure and may have been

intended for filing in state court, but it was styled for this court and properly accepted by the clerk.

The case was originally filed in this district as case number 3:09cv372-MCR/MD, but was transferred to this division and given this case number as Petitioner challenges the judgment of the Second Judicial Circuit in Leon County.  Doc. 4.

Petitioner then submitted a notice of inquiry that was filed by the clerk in this particular case although Petitioner did not indicate a case number.  Doc. 5.  He inquired as to the status of his complaint and amended complaint, and it now appears he was referencing the civil rights complaint filed in 4:09cv325-SPM/WCS.  Since the filing of the notice of inquiry, I have entered a recommendation that civil rights case 4:09cv325-SPM/WCS be dismissed.  Doc. 8 in that case.  Petitioner also filed a civil rights complaint in 4:09cv326-RH/AK, and recently filed his first amended complaint as doc. 5 in that case.

In the Second Judicial Circuit, Leon County, case number 97-2607, Petitioner was convicted of armed robbery with a firearm and sentenced to eleven years imprisonment followed by three years probation.  The robbery was committed on July 6, 1997, in a Suwanee Swifty Store.  *See* 4:05cv368-MP/EMT, doc. 18 (report and recommendation), pp. 13-19 (summarizing the evidence).  Petitioner was denied § 2254 relief as to that judgment.  Docs. 19 (order adopting recommendation) and 20 (judgment entered on the docket November 6, 2006) in that case.

In the Second Judicial Circuit, Leon County, case number 97-2605,[1] Petitioner was convicted of armed robbery with a firearm and two counts of kidnapping, and sentenced to concurrent terms of life with minimum mandatory terms of fifteen years on all counts. *See* 4:05cv364-PM/EMT, doc. 19 (report and recommendation), p. 1. The robbery at issue in that § 2254 proceeding was committed on July 14, 1997. *See* doc. 14-2, pp. 40-43 in ECF (electronic case filing) (copy of the information and verdict in 97-2605).[2] It was recommended that the § 2254 petition be denied with prejudice as untimely. Doc. 19 in that case. The district judge agreed with the recommendation that the petition was untimely and that Petitioner had not alleged newly discovered evidence; "[t]herefore, to the extent that the fundamental miscarriage of justice exception applies to a time-barred petition, Petitioner has failed to demonstrate that he qualifies for the exception." Doc. 21 in that case. The motion to dismiss was granted, and the petition dismissed. *Id.* While the order did not specify that dismissal was with prejudice, it agreed with the report and recommendation and granted the motion to dismiss, which sought dismissal with prejudice. Doc. 14, p. 8.

Petitioner again challenges this conviction and life sentence for the robbery with a firearm and kidnapping in case number 97-2605. Doc. 1, p. 1; doc. 3, p. 1. The attachments to doc. 1 include a narrative summary regarding the Suwannee Swifty robbery on July 14, 1997, referencing statements by Ginger Carter (who said she drove

---

[1] Respondent in that case made clear that the case number challenged was case number 1997-CF-2605. Doc. 13 in that case, p. 2, n. 1.

[2] The exhibits were electronically filed in that § 2254 case, but filed only in paper form in 4:05cv368-MP/EMT.

the car and stayed in it while Petitioner and Virgil Monts entered the Suwannee Swifty),

and by victims Sharon Marsh and Shawn Fulton. Doc. 1, pp. 10 and 12 in ECF. Also

attached are, what Petitioner contends, excerpts of trial testimony by Marsh and Fulton

which demonstrate that the State knowingly introduced perjured testimony. Doc. 1, pp.

2-4, 11-14. Petitioner also alleges prosecutorial misconduct, by intentionally misleading

the jury as to the elements for the crime of kidnapping. *Id.*, pp. 6-8, 15-18 in ECF. He

asserts actual innocence to excuse his procedural default. *Id.*, p. 9.

Petitioner raised one ground on the form "amended" petition, that he was denied

due process when the circuit court failed to conduct a hearing to determine whether

exculpatory statements, allegedly implicating another person in the crime, constituted

newly discovered evidence. Doc. 3, p. 4. Petitioner does not allege any specifics, such

as who made the statements or why they exculpate him in this case.

From a review of his recent civil rights cases, it may be that Petitioner is relying

on dismissal of the charges in the other robbery case, case number 97-2607, in which

he was sentenced to eleven years. *See* doc. 7, p. 6 in 4:09cv325-SPM-WCS and doc.

5, p. 7 in 4:09cv326-RH/AK (alleging that at his Fla.R.Crim.P. 3.850 hearing in 97-2607,

Petitioner produced testimony from Monts and a witness named Smith, admitting that

they participated in the robbery; that as a result of this testimony Petitioner was granted

a new trial and, on November 1, 2007, the prosecution filed a nolle prosequi on the

charges).[3]

---

[3] Petitioner alleged that he had therefore "suffered a wrongful incarceration for 10 years, 3 months, and 15 days for said robbery." Doc. 7, p. 6 in 4:09cv325-SPM/WCS. If Petitioner had already served that much time on an eleven year sentence, and was serving a life sentence in another case, it would have made little (if any) sense for the

This is all by way of background, as the similarity of the two Leon County cases and Petitioner's prior proceedings can be confusing.[4]

Petitioner does not here even acknowledge his prior habeas proceeding regarding the same state court judgment.  He does not assert any reason this petition should not be dismissed as untimely, except for his conclusory claim of new evidence.  Moreover, the dismissal of the prior § 2254 petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C.] § 2244(b)."  Murray v. Greiner, 394 F.3d 78, 81 (2d Cir.2005)[5] (citations omitted).  *See also* McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (holding that dismissal as untimely constitutes a disposition on the merits and renders later petition second or successive) (citing Murray) (footnote omitted);[6] Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003)

_____

prosecution to pursue a new trial.

    [4] *See* doc. 14, p. 2, n. 1 in 4:05cv364-MP/EMT; doc. 10, p. 1, n. 1 in 4:05cv368-MP/EMT (both noting "[c]are must be used" to avoid confusion of the two convictions and two habeas proceedings).

    [5] Although the Supreme Court did not address this issue, Murray was cited favorably in Gonzalez v. Crosby, 545 U.S. 524, 533 n. 6, 125 S.Ct. 2641, 2645, n. 6, 162 L.Ed.2d 480 (2005), rejecting argument that the fact that dismissal of an unexhausted petition does not render subsequent petition successive. "If this argument is correct, petitioner would be able to file not just a Rule 60(b) motion, but a full-blown habeas petition, without running afoul of § 2244(b).  But see, *e.g., Murray v. Greiner.*" (full citation omitted).  The Court did not need to decide, however, because it concluded the Rule 60(b) motion, which did not raise any claim for relief from the conviction or sentence, should not be treated as a second or successive petition.  *Id.*

    [6] The court noted that a Rule 60(b) motion challenging prior dismissal on the basis of untimeliness would not necessarily be the equivalent of a second or successive motion. *Id.*, at 1030, n. 1 (*citing* Gonzalez, *supra* n. 4) (other citation omitted).

Case No. 4:09cv360-RH/WCS

(prior untimely petition "counts" to render subsequent petition successive: "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). *Cf.* Jordan v. Sec'y Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir.), *cert. denied*, __ U.S. __, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007) (not discussing this issue but setting forth in the procedural history of the case that the first petition was denied with prejudice as untimely, and authorization for filing a second or successive petition had been granted by the court of appeals based on allegation of newly discovered evidence).

While the order dismissing Petitioner Ruffin's prior petition challenging the judgment in 97-2605 did not specify that it was with prejudice, it did generally agreed with the report and recommendation which recommended denial with prejudice, *and* granted a motion seeking dismissal with prejudice. This is not a case where Petitioner was mislead to believe that dismissal was without prejudice. *Compare* Pavlovsky v. VanNatta, 431 F.3d 1063, 1064-65 (7th Cir. 2005) ("dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation," but where the district court expressly made prior dismissal *without* prejudice, petitioner was entitled to rely on the label ascribed by the court and subsequent petition would not be deemed second or successive).

Petitioner must obtain authorization from the Eleventh Circuit before filing this second or successive § 2254 petition. § 2244(b)(3)(A); § 2254 Rule 9 ("[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as

required by 28 U.S.C. § 2244(b)(3) and (4).").  He has not done so, and this court lacks jurisdiction over the petition.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, as amended (docs. 1 and 3), be **SUMMARILY DISMISSED** as authorization for filing a second or successive petition has not been granted.

**IN CHAMBERS** at Tallahassee, Florida, on October 15, 2009.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.